WILLIAM KEVORKO *vs.* ALEKSANDER VAITKUNAS.

APRIL 6, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto and Condon, JJ.

CONDON, J. This is an action of *scire facias* against bail. It was tried before a justice of the superior court sitting without a jury and decision was given for the defendant. The plaintiff excepted to this decision on the grounds that it was contrary to the law, to the law and the evidence, to the evidence and the weight thereof; and he has duly prosecuted such exception to this court.

It appears from the evidence that the defendant went bail for one Michael Mandel, who was the defendant in an action of trespass *vi et armis* for assault and battery, brought by the present plaintiff, and entered in the superior court on June 28, 1928. Plaintiff, in that action, obtained a verdict for $1200; and execution in that sum was issued against the defendant Mandel on February 6, 1931. Execution was returned wholly unsatisfied on August 6, 1931. Plaintiff thereupon sued out a writ of *scire facias* against the bail, Aleksander Vaitkunas, the present defendant, on September 18, 1931. This writ was returnable October 6, 1931.

On October 7, 1931, defendant filed a plea to the jurisdiction on the ground that said writ was not served by the officer in accordance with the statute. Plaintiff did not set down the case for hearing on this plea until sometime in March 1933, seventeen months after it was filed. The superior court sustained the plea, and on exceptions brought by the plaintiff, this court, on November 3, 1933, upheld the superior court. *Kevorko* v. *Vaitkunas*, 54 R. I. 8.

On November 8, 1933, the plaintiff sued out a second writ of *scire facias*, which is the subject matter of the instant case. In the present case the issues are: (1) Did the service of the writ of execution against Mandel by the sheriff, as shown by the record and the evidence, support the present

action of *scire facias* against Mandel's bail, that is, the defendant Vaitkunas, or was it wholly ineffectual for such purpose? (2) Did the plaintiff have a right, by virtue of the provisions of general laws 1923, chapter 334, sec. 9, to maintain this present action, notwithstanding the provisions of general laws 1923, chapter 375, sec. 7? The trial justice answered both questions in the negative and rendered decision in favor of the defendant.

If a negative answer to either question can be sustained, that will be sufficient to dispose of the plaintiff's exception. Assuming for the moment that the plaintiff had the right, under chap. 334, sec. 9 aforesaid, to bring this second action after abatement of the first action, let us look at the manner in which the officer intrusted with the service of the writ of execution upon the defendant Mandel in the original action of trespass *vi et armis* complied with the mandate of that writ. The following return is indorsed by the deputy sheriff on that execution:

"Providence, Sc.                    Aug. 6, 1931.

The herein named defendant being without the state, I have been unable after due and diligent search for said defendant, to locate the said defendant, and I herewith return this execution to Court wholly unsatisfied.
Fee .60       (Signed)   FRANCIS L. McGOVERN,
                                            *Deputy Sheriff."*

From a mere inspection of this return, we would unhesitatingly say that the officer failed to comply with the first mandate of the execution, which was: "We Command you, therefore, that of the goods and chattels and real estate of the said defendant Michael Mandel alias within your precinct, you cause to be levied . . ." Rather, as the trial justice observed in his decision, all the officer seems to have done was to seek the defendant for the purpose of taking his body and that, having learned defendant was out of the state, he thereupon did nothing more and returned the execution into court.

However, the plaintiff moved to amend the return, and the deputy sheriff was thereupon permitted, without objection, to testify as to what he did in attempting to serve the execution, presumably to show that the mandate of the execution had actually been complied with by him. His testimony did not have that effect on the mind of the trial justice. On the contrary, he states in his decision that "it seems quite clear that the officer treated this as a writ of arrest . . . ." The trial justice further found from all the testimony that there was "no testimony at all, positive testimony, that anybody made any endeavor to secure real estate or to find out whether defendant had any real estate during that period or even whether he had any personal property . . . ." Unless these findings are clearly wrong, they will not be disturbed by this court.

We have carefully read the transcript and we are not warranted, from anything appearing therein, in holding that the decision was clearly erroneous. On the contrary, we are convinced by our perusal of the testimony that the officer did not comply with the mandate of the execution.

The obligation of bail can only be enforced by a strict compliance with the requirements of the statute. Unless it is clear that the principal has avoided, the writ of *scire facias* against the bail will not lie. The conditions precedent to recovery on the writ are clearly set out in the statute and they are avoidance of the execution by the defendant so that neither his goods, chattels and real estate nor his body can be found to be taken in satisfaction of the plaintiff's claim. G. L. 1923, chap. 375, sec. 7. This court has said that this statute must be strictly construed in favor of bail. *McAuliffe v. Lynch,* 17 R. I. 410.

Under all the circumstances of the instant case as they appear from the evidence, we are clearly of the opinion that the conditions of the statute above set out were not complied with in the manner intended by the legislature in order to entitle the plaintiff to maintain his writ of *scire facias*

against the defendant, and that in this respect the decision of the trial justice is correct.

In view of this conclusion, it is not necessary to consider here the second question above set forth. For the same reason, we have not considered certain exceptions of the defendant which he has duly prosecuted on this appeal and which relate to that question.

The plaintiff's exception is overruled and the case is remitted to the superior court for entry of judgment on the decision.

*Jasper Rustigian, Flynn & Leighton,* for plaintiff.

*Arthur L. Conaty,* for defendant.